UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FIRST BAPTIST CHURCH OF LAKE CHARLES LA** | : | **DOCKET NO. 2:21-cv-03332** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **BROTHERHOOD MUTUAL INSURANCE CO.** | : | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion to Quash Subpoenas filed by plaintiff First Baptist Church of Lake Charles LA. Doc. 63. The motion is opposed by defendant Brotherhood Mutual Insurance Company. Doc. 67. Plaintiff has filed its reply [doc. 70], making this motion ripe for resolution. For the reasons stated, the Motion to Quash is **DENIED**.

### I.
#### BACKGROUND

This case arises from damage to plaintiff's church facilities, related improvements, and other property in Lake Charles, Louisiana, allegedly caused by Hurricanes Laura and Delta. Doc. 1. Plaintiff claims defendant provided it with a policy of insurance that was in full force and effect during the hurricanes and asserts causes of action for breach of contract and bad faith. *Id.*

On November 24, 2021, plaintiff sold "all but one of its insured locations" to The Royal of Lake Charles, LLC, which is owned by David Shamia. Doc. 63, att. 1, pp. 1–2. This sale included a post-loss assignment of plaintiff's hurricane claims. *Id.* at p. 2. The enforceability of the claim assignments and their legal ramifications are the subject of a Motion for Partial Summary Judgment [doc. 57] currently pending before the court. *Id.*

In June 2024, defendant issued subpoenas accompanied by notices of records deposition to Merchants & Farmers Bank & Trust Company ("Merchants") seeking records for the accounts of The Royal and Mr. Shamia[1] and a subpoena to Capital One Bank seeking records from plaintiff's bank account. (Merchants and Capital One are hereinafter collectively referred to as "the banks") Doc. 63, atts. 3–5. The next day, defendant asked plaintiff's counsel to complete a request for copies of tax returns for The Royal and Mr. Shamia [doc. 67, att. 3], but plaintiff's counsel declined to do so. Doc. 67, atts. 4–5. Defendant then scheduled a Rule 37.1 conference to discuss the tax forms for The Royal and Mr. Shamia. Doc. 67, att. 6. The conference was unproductive. Doc. 67, p. 2. Plaintiff's counsel then issued a letter to Merchants asking that it not produce the records sought by defendant until the court ruled on a motion to quash. Doc. 67, att. 7.

Plaintiff subsequently filed the instant motion requesting an order quashing the subpoenas. Doc. 63. Plaintiff claims the subpoenas are overly broad, unduly burdensome, and seek irrelevant or private information. Doc. 63, att. 1. In its opposition brief, defendant asserts plaintiff does not have standing to object to the subpoenas seeking records for the accounts of The Royal and Mr. Shamia. Doc. 67, pp. 3–5. Defendant also argues the motion should be denied because defendant, not plaintiff, was the one to schedule and conduct the Rule 37.1 conference, and because plaintiff did not object to the production of its own financial records nor was that topic raised at the Rule 37.1 conference. *Id.* at pp. 5–6. Additionally, defendant argues the bank records sought are relevant and calls for a broad and liberal construction of the discovery rules. *Id.* at pp. 7–10.

On reply, plaintiff claims it has standing to oppose the subpoenas seeking information about The Royal and Mr. Shamia because plaintiff's counsel also represents these third parties (a fact that was first raised in the reply brief). Doc. 70, pp. 1–3. Plaintiff also argues it was not

---

[1] The Royal and Mr. Shamia are not parties to this action.

required to hold a Rule 37.1 conference because the meet-and-confer requirement in the Federal Rules of Civil Procedure, and therefore the corresponding requirement in the local rules, only applies to motions to compel. *Id.* at pp. 3–4.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Under Federal Rule of Civil Procedure 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Upon timely motion, a subpoena must be quashed or modified if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).

However, a party generally lacks standing to quash a subpoena issued to a third party unless the challenging party has a personal right or privilege with respect to, or has possession of, the subpoenaed materials. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Crescent City Remodeling, LLC v. CMR Construction & Roofing, LLC*, 643 F. Supp. 3d 613, 618 (E.D. La. 2022); *Lujan v. State Farm Lloyds*, No. EP-24-CV-00028-KC, 2024 WL 2097235, at *3 (W.D. Tex. May 9, 2024). Additionally, a party cannot challenge a Rule 45 subpoena directed to a third party for being overly broad or for seeking irrelevant information; "only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds." *Crescent City Remodeling, LLC*, 643 F. Supp. 3d at 618.

Because the subpoenas were issued to the banks, which are third parties,[2] plaintiff first must establish its standing to bring this motion by showing it has a personal right to be protected.

---

[2] The court further notes the subpoenas to Merchants concern the bank accounts of non-parties.

*Lujan*, 2024 WL 2097235, at *3 (quoting *Cenac v. Orkin, L.L.C.*, No. 15-4521, 2020 WL 13888745, at *3 (E.D. La. Sept. 11, 2020)).  If plaintiff has standing to bring this motion to quash, it also must show "that compliance with the subpoena would be 'unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted).  Plaintiff here alleges that the subpoenas issued to the banks are overly broad, unduly burdensome, and seek irrelevant or private information. Doc. 63.

### A. Third parties' account information

Plaintiff does not assert it has possession of the materials requested in the subpoenas regarding the accounts of The Royal and Mr. Shamia.  Additionally, plaintiff has not shown it has a personal right or privilege in the materials.  Plaintiff merely implies it has standing to bring this motion because plaintiff has the same attorneys as The Royal and Mr. Shamia. Doc. 70, pp. 2–3.  The motion was brought only in the name of plaintiff; nothing in the motion indicates The Royal and Mr. Shamia also sought to join the motion as movants.  Accordingly, the fact that plaintiff and the third parties share the same attorneys is irrelevant to the question of standing.  Plaintiff, therefore, does not have standing to bring a motion to quash the subpoenas seeking records from the accounts of The Royal and Mr. Shamia.

### B. Plaintiff's account information

It is clear to the court plaintiff has a personal right to its own bank account records.  However, defendant contends, and plaintiff does not disagree, that plaintiff never arranged a Rule 37.1 conference to discuss the subpoena for plaintiff's bank records. Doc. 67, p. 5.  Additionally, the subpoena for plaintiff's bank records was not discussed at the Rule 37.1 conference set by defendant.[3] *Id.* at pp. 5–6.  Again, plaintiff does not contest this allegation.  Instead, plaintiff argues

---

[3] At this conference, the parties only discussed plaintiff's refusal to complete a request for copies of tax returns for The Royal and Mr. Shamia. Doc. 67, pp. 2, 5

the meet-and-confer requirement in Rule 37 of the Federal Rules of Civil Procedure applies only to motions to compel. Doc. 70, pp. 3–4. Plaintiff further argues this court's Local Rule 37.1, which requires counsel for the party filing a "motion relative to discovery" to arrange a meet-and-confer and to include a certification about the conference in the motion, does not apply to motions to quash. *Id.* at p. 4. The court disagrees.

Local Rule 37.1 clearly applies to all motions "relative to discovery." Therefore, a Rule 37.1 conference was necessary before this motion could be filed. It is undisputed that the parties did not hold such a conference regarding the plaintiff's bank records prior to the motion's filing. Accordingly, the motion to quash the subpoena of plaintiff's bank records is not properly before this court.

### III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Quash Subpoenas [doc. 63] is **DENIED**.

**THUS DONE AND SIGNED** in chambers this 9th day of August, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE